IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01077-CBS-PAC

STEPHEN JEROME GRACE,
    Plaintiff,
v.

DEPUTY SHERIFF APODACA,
DEPUTY SHERIFF JASON HUBER,
NURSE LPN LISA [sic],
NURSE ASSISTANCE [sic] D.A.,
DR. CRUMB [sic],
    Defendants.

---

AMENDED ORDER

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Grace's "Objection" (filed August 31, 2005) (doc. # 84) (docketed by the Clerk's Office as a Motion for Reconsideration). The court has considered the pending motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Grace first argues that the court erred by "not appointing counsel" for him. Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory

assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted). In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The record in this case does not support Grace's argument that Magistrate Judge Shaffer made a determination that Grace "did not have the ability to proceed in this case without effective assistance of counsel." As a *pro se* litigant, Grace was afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Grace adequately presented his claims unaided by counsel. Grace did not

convince the court that there was sufficient reason to warrant the appointment of counsel. *See Hill*, 393 F.3d at 1115 (citation omitted). The court finds no error in the denial to request volunteer counsel to represent Grace.

Grace next argues that he "was given no reason as to why Magistrate Judge Patricia A. Coan was taken off the case." On August 30, 2004, Grace signed his voluntary consent and on October 28, 2004, counsel for Defendants Apodaca and Crum signed their voluntary consent "to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of a full judgment." (*See* docs. # 16, # 28). Defendant Huber was served on December 15, 2004, was represented by the same counsel as Defendant Apodaca, and at all times acquiesced to Magistrate Judge Shaffer handling all dispositive matters including trial and entry of a final judgment. Defendants "Nurse LPN Lisa and Nurse Assistance D.A. [sic]" have never been served with this lawsuit. Grace has conceded that he cannot provide the identity of "Nurse Assistance D.A." or addresses at which either "Nurse LPN Lisa" or "Nurse Assistance D.A." may be served. (Grace's statements at hearing held July 7, 2005). Magistrate Judge Coan remained assigned to the case for settlement purposes. (*See* "Order and Order of Reference" (doc. # 71) at p. 2). The court finds no error in the assignment of the case to Magistrate Judge Shaffer for purposes of trial and entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and D.C. COLO. LCivR 72.2.

Finally, Grace argues that the court did not hold an evidentiary hearing before entering judgment. Fed. R. Civ. P. 56(c) provides that the court may grant summary

judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir.1994). Grace was advised of his obligation, in responding to a summary judgment motion, to identify specific facts, through affidavits, depositions, or exhibits, from which a rational trier of fact could find in his favor.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).  (*See, e.g.,* statements of the court at the hearing held July 7, 2005).

Grace was afforded ample time to fully present his case.  The court carefully reviewed all of the materials Grace submitted in this civil action, *e.g.*, Grace's Response to Apodaca's motion (filed October 8, 2004) (doc. # 26), Grace's Response to Huber's motion (filed January 18, 2005) (doc. # 45), Grace's Response (filed April 14, 2005) (doc. # 65), Grace's statements at the hearing held July 7, 2005, Grace's "Motion of Objection to Defendant's Summary Judgment" ("Supplemental Response") (filed July 14, 2005) (doc. # 79), and Grace's exhibits.  Where the issues raised by and inherent to a motion for summary judgment are fully briefed, the court's review of documents submitted by the parties obviates the necessity for evidentiary hearing or oral argument.  *See Simpson v. University of Colorado*, 372 F. Supp. 2d 1229, 1231 n. 1 (D. Colo. 2005) (citing *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (internal quotation marks omitted).  *Cf.* Fed. R. Civ. P. 56(c) and (d).  The

court finds no error in the granting of Defendant Crum's motion for summary judgment and the denial of Grace's "Dispositive Motion."

Accordingly,

IT IS ORDERED that Grace's "Objection" (filed April 25, 2005) (doc. # 66) (docketed by the Clerk's Office as a Motion for Reconsideration) is DENIED.

DATED at Denver, Colorado, this 9th day of September, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge